CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**, <br><br> Plaintiff, <br><br> v. <br><br> **Oval Motor Sports, Inc.**, a California Corporation, dba Antioch Speedway; <br><br> Defendants. | **Case No**. <br><br> **Complaint for Damages and Injunctive Relief for Violations of:** American's with Disabilities Act; Unruh Civil Rights Act |

Plaintiff Chris Langer ("Plaintiff") complains of Oval Motor Sports, Inc., a California Corporation, dba Antioch Speedway ("Defendant"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a disabled individual and a member of a protected class of persons under the Americans with Disabilities Act. Plaintiff is profoundly hard of hearing and needs closed captioning to consume audio content such as movies, videos or tutorials. Plaintiff is a California resident.

2. Defendant Oval Motor Sports, Inc. ("Oval Motor Sports, Inc.") owned

1

Complaint

or operated Antioch Speedway located in Contra Costa County in July 2021.

3. Defendant Oval Motor Sports, Inc. ("Oval Motor Sports, Inc.") owns or operates Antioch Speedway located in Contra Costa County currently.

4. Defendant Oval Motor Sports, Inc. owns the Antioch Speedway website, with a root domain of: https://www.antiochspeedway.com/, and all related domains, sub-domains and/or content contained within it, ("Website") in July 2021.

5. Defendant Oval Motor Sports, Inc. owns the website currently.

6. Upon information and belief, Defendant Oval Motor Sports, Inc. owned or operated its YouTube channel in July 2021.

7. Upon information and belief, Defendant Oval Motor Sports, Inc. owns or operates its YouTube channel currently.

8. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, is responsible in some capacity for the events herein alleged or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants are ascertained.

**JURISDICTION & VENUE:**

9. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA")

10. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367 because Plaintiff's Unruh claims are

formed from the same case and/or controversy and are related to Plaintiff's ADA claims. A violation of the ADA is a violation of Unruh. (Cal. Code §51(f).

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b). Defendant is subject to personal jurisdiction in this District due to its business contacts with the District.

**FACTUAL ALLEGATIONS:**

12. Plaintiff is hard of hearing and is a member of a protected class under the ADA.

13. Plaintiff relies on subtitles and closed captioning to hear audio in recorded content.

14. Oval Motor Sports, Inc. operates privileges, goods or services out of a physical location in California. These services are open to the public, places of public accommodation, and business establishments.

15. The Website is a nexus between Oval Motor Sports, Inc. customers and the terrestrial based privileges, goods or services offered by Oval Motor Sports, Inc.

16. Oval Motor Sports, Inc. offers videos on its website to induce customers to purchase its goods or services. Websites and videos are some of the facilities, privileges, or advantages offered by Defendants to patrons of Oval Motor Sports, Inc.

17. Plaintiff was a prospective customer who wished to access Defendant's goods or services.

18. Plaintiff visited the Website in July 2021 to look for information about car racing.

19. When Plaintiff attempted to view video content on the Website, he discovered that the videos lacked closed captioning, which made him unable to fully understand and consume the contents of the videos.

20. Plaintiff experienced difficulty and discomfort in attempting to view videos including: "Antioch SpeedwaytCommercia2l". As a result of this inaccessibility, he was deterred from further use of the Website.

21. Currently, the Defendants either fail to provide an accessible website or Defendants have failed to maintain in working and useable conditions those website features required to provide ready access to persons with disabilities.

22. Despite multiple attempts to access the Website using Plaintiff's computer, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered by Defendants as a result of the accessibility barriers.

23. Plaintiff personally encountered accessibility barriers and has actual knowledge of them.

24. By failing to provide an accessible website, the Defendants denied Plaintiff full and equal access to the facilities privileges or advantages offered to their customers.

25. Plaintiff has been deterred from returning to the website as a result of these prior experiences.

26. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

27. If the Website had been constructed equally accessible to all individuals, Plaintiff would have been able to navigate the website and avail himself of its goods and/or services.

28. Additionally, Plaintiff is a tester in this litigation and seeks future compliance with all federal and state laws. Plaintiff will return to the Website to avail himself of its goods and/or services and to determine compliance with the disability access laws once it is represented to him that Oval Motor Sports, Inc. and Website are accessible.

29. Plaintiff is currently deterred from doing so because of Plaintiff's

Complaint

knowledge of the existing barriers and uncertainty about the existence of yet other barriers on the Website. If the barriers are not removed, Plaintiff will face unlawful and discriminatory barriers again.

30. The barriers identified above violate easily accessible, well-established industry standard guidelines for making digital content accessible to people with hearing-impairments to access websites. Given the prevalence of websites that have implemented these standards and created accessible digital content, it is readily achievable to construct an accessible website without undue burden on Oval Motor Sports, Inc. or a fundamental alteration of the purpose of the Website.

31. Compliance with W3C Web Content Accessibility Guidelines ("WCAG") 2.0 AA standards is a viable remedy for these deficiencies and a standard that has been adopted by California courts for website accessibility.

32. It's been established that failure to remove inaccessible website conditions violates the ADA and California law and requiring compliance with industry access standards is a remedy available to the Plaintiff.

33. The website content was intentionally designed, and based on information and belief, it is the Defendants', policy and practice to deny Plaintiff access to the website, and as a result, deny the goods and services that are otherwise available to patrons of Oval Motor Sports, Inc.

34. Due to the failure to construct and operate the website in line with industry standards, Plaintiff has been denied equal access to Defendant's car racing park and the various goods, services, privileges, opportunities and benefits offered to the public by Oval Motor Sports, Inc.

35. Closed captioning can be provided at little cost, sometimes free or mere dollars per minute of video content.

36. Closed captioning is supported by numerous third-party hosting companies, including the one chosen by Defendants, and can be provided at

little cost, sometimes free or mere dollars per minute of video content.

37. Given the nature of the barriers and violations alleged herein, the Plaintiff alleges, on information and belief, that there are other violations and barriers on the Website that relate to his disability. In addition to the barriers he personally encountered, Plaintiff intends to seek removal of all barriers on the Website that relate to his disability. See *Doran v. 7-Eleven* (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier, they can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered the barrier).

38. Plaintiff will amend the complaint, to provide further notice regarding the scope of the additional demanded remediation in the event additional barriers are uncovered through discovery. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

39. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. Defendant is a public accommodation with the definition of Title III of the ADA, 42 USC § 12181.

40. The website provided by the Defendant is a service, privilege or advantage and extension of Oval Motor Sports, Inc. physical presence and terrestrial services.

41. When a business provides services such as a website, it must provide an accessible website.

42. Here, access to an accessible website has not been provided. A failure to provide an accessible website is unlawful discrimination against persons with

disabilities.

43. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. *See*: 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows: "A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii)."

44. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

45. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

46. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

47. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. *Cal. Civ. Code* § 51(f).

48. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

49. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. *Cal. Civ. Code* § 55.56(a)-(c).

50. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. A Declaratory Judgment that at the commencement of this action Defendants were in violation of the requirements of the ADA due to Defendants' failures to take action to ensure that its websites were fully accessible to and independently usable by hearing-impaired individuals, including providing closed-captioning on all video content containing audio elements.

2. For equitable nominal damages for violation of civil rights. See Uzuegbunam v. Preczewski, 141 S.Ct. 792 (2021) and any other equitable relief the Court finds appropriate.

3. Pursuant to 42 U.S.C § 12181, a preliminary and permanent injunction enjoining Defendants from violating the ADA with respect to its website, including a requirement that all current and future audio-video content be closed captioned at the time of upload.

Complaint

    4. Damages under the Unruh Civil Rights Act § 51[1], which provides for actual damages and a statutory minimum of $4,000 for each offense.

    5. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and *Cal. Civ. Code* § 52.

Dated: August 18, 2021        CENTER FOR DISABILITY ACCESS

By: _____

Russell Handy, Esq.
Attorney for Plaintiff

---

[1] Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

Complaint