IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>    Plaintiff,<br><br>    v.<br><br>OVAL MOTOR SPORTS, INC.,<br><br>    Defendant. | Case No. 21-cv-06401-MMC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR COURT ORDER AUTHORIZING SERVICE BY DELIVERY BY HAND TO THE CALIFORNIA SECRETARY OF STATE; DEFERRING RULING ON ORDER TO SHOW CAUSE; DIRECTIONS TO PLAINTIFF** |

       On February 7, 2022, the Court ordered plaintiff to show cause why the above-titled action should not be dismissed for failure to prosecute. (See Doc. No. 12 ("February 7 Order to Show Cause").) On February 11, 2022, plaintiff filed an Application, whereby plaintiff seeks a court order authorizing service on defendant "by delivery by hand of a copy of the [s]ummons and [c]omplaint to the office of the California Secretary of State," for the reason that "the agent designated by [d]efendant for the purpose of service of process cannot with reasonable diligence be found at the address designated for service." (See Doc. No. 13 at 2:1-8.) Having read and considered the papers filed in support of the Application, the Court rules as follows.

       In support of the instant request, plaintiff relies on section 1702 of the California Corporations Code, which provides:

> If an agent designated for the purpose of service of process . . . cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand . . . , the court may make an order that the service be made upon the corporation by delivering by hand to the

|   |   |
|---|---|
| 1 | Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. |
| 2 | |

See Cal. Corp. Code § 1702(a).  As set forth below, plaintiff's reliance on section 1702 is unavailing.

First, plaintiff has not shown state law governing service of process on corporations is applicable in federal court.  See Fed. R. Civ. P. 4(h)(1)(A) (providing for service on corporation "in the manner prescribed by Rule 4(e)(1) [of the Federal Rules of Civil Procedure] for serving an individual"); see also Cal. Code Civ. P. § 415.20(b) (providing for substituted service on individual).

Next, even assuming, arguendo, section 1702 is applicable, plaintiff asserts defendant's registered agent for service of process is "John Chadwick" (see Decl. of Tehniat Zaman ("Zaman Decl.") ¶ 20), whom he tried to serve, whereas the California Secretary of State's website lists the registered agent as "Denise Christine Chadwick" (see id. Ex. 1 at 2).

Lastly, the Court declines to approve such service where, as here, other means of service appear available.  In particular, although plaintiff has submitted evidence showing his process server made several attempts to serve defendant at its usual place of business, namely, the Antioch Speedway (see id. ¶¶ 14, 20-21, Ex. 2), and that, on each such occasion, the server was unable to "access" the property, plaintiff has not shown any such attempted service was on a date the speedway was open (see id. Ex. 2 (reflecting visits to Antioch Speedway occurred on weekdays)); see also *2022 Season Schedule*, Antioch Speedway, https://www.antiochspeedway.com/2022-schedule (last visited February 14, 2022) (listing schedule of events; indicating events are held primarily on Saturdays); Cal. Code Civ. P. § 415.20(b) (requiring "reasonable diligence" as condition of substituted service).

Accordingly, plaintiff's Application is hereby DENIED.  The Court, however, DEFERS ruling on its February 7 Order to Show Cause, to afford plaintiff a further opportunity to effectuate service.  If plaintiff wishes to pursue the above-titled action, he is

hereby DIRECTED to serve defendant, no later than March 23, 2022, with a copy of the summons and complaint, and to file, no later than March 24, 2022, proof of such service.

**IT IS SO ORDERED.**

Dated: February 15, 2022

MAXINE M. CHESNEY
United States District Judge