IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>    Plaintiff,<br><br>    v.<br><br>OVAL MOTOR SPORTS, INC.,<br><br>    Defendant. | Case No. 21-cv-06401-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING** |

      Before the Court is defendant Oval Motor Sports, Inc.'s ("OMS") Motion to Dismiss, filed May 4, 2022.  Plaintiff Chris Langer ("Langer") has filed opposition, to which OMS has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for June 10, 2022, and rules as follows.

      In the Complaint, Langer, who is "hard of hearing" (see Compl. ¶ 12), alleges that, in July 2021, he visited a website for Antioch Speedway, a "car racing park" (see Compl. ¶¶ 18, 34) "owned or operated" by OMS (see Compl. ¶ 2), and "attempted to view video[s]" that "lacked closed captioning, which made him unable to fully understand and consume the contents" of the videos (see Compl. ¶ 19).  Based on said allegations, Langer asserts a claim under the Americans with Disabilities Act ("ADA"), as well as a claim under the Unruh Civil Rights Act ("Unruh Act"), which latter claim is, as pleaded, wholly derivative of his ADA claim.

      In the instant motion, OMS contends Langer's ADA claim is subject to dismissal for lack of subject matter jurisdiction, specifically, on the grounds of (1) lack of standing

under Article III of the Constitution, and (2) mootness.  The Court first turns to the question of standing.

At the pleading stage, a plaintiff must make "particularized allegations of fact deemed supportive of [the] plaintiff's [Article III] standing." See Warth v. Seldin, 422 U.S. 490, 501 (1975).  In an ADA case, a plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility."  See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 944 (9th Cir. 2011).  Where, as here, the alleged accessibility barrier is on the defendant's website, the plaintiff must plead a "nexus" between the website and a physical place of public accommodation.  See Robles v. Domino's Pizza, LLC, 913 F.3d 898, 905 (9th Cir. 2019); see also Gomez v. Gates Ests., Inc., Case No. 21-cv-7147 WHA, 2022 WL 458465, at *4 (N.D. Cal. Feb. 15, 2022) (noting, "under Robles, plaintiff must allege and prove that the inaccessibility of [defendant's] website has deterred him from using the services of [a] physical location" (emphasis omitted)).

Here, Langer fails to allege facts to establish the requisite nexus between OMS's Antioch Speedway website and a physical location.  In particular, although Langer alleges he visited the website "to look for information about car racing" (see Compl. ¶ 18), is "deterred from returning to the website" (see Compl. ¶ 25), and "will return to the [w]ebsite" once it is accessible (see Compl. ¶ 28), he does not allege he had an "intent or desire" to access, or that the lack of closed captioning "impeded his access," to the goods or services offered by the speedway itself, see Gates, 2022 WL 458465, at *4 (finding "ADA [did] not protect [plaintiff's] general interest in being able to gather information from defendant's website unrelated to any desire to avail himself of . . . the services of defendant's physical office"); see also Langer v. Pep Boys Manny Moe & Jack of Calif., Case No. 20-cv-06015-DMR, 2021 WL 148237, at *5-6 (N.D. Cal. Jan. 15, 2021) (finding no standing where plaintiff did not allege he "intended to visit" or "was trying to use the website to order goods or services from" defendant's physical store); Gomez v. Smith, Case No. 21-cv-07154-RS, 2022 WL 117763, at *3 (N.D. Cal. Jan. 12, 2022) (finding no

standing where plaintiff visited website to "get information about houses on sale," rather than to "utiliz[e] services or obtain[] goods at physical places of public accommodation" (internal quotation and citation omitted)); Gomez v. Corro, Case No. 21-cv-07085-SI, 2022 WL 1225258, at *2 (N.D. Cal. Apr. 26, 2022) (noting plaintiff may not "challenge the inaccessibility of a website where the inability to access information on the website was the sole basis of the ADA claim . . . and the website's inaccessibility did not separately impede access to the goods or services of the public accommodation").

Accordingly, Langer's ADA claim is subject to dismissal for lack of standing. The Court will, however, afford Langer leave to amend. See Warth, 422 U.S. at 501 (holding, where defendant successfully challenges plaintiff's standing at pleading stage, district courts ordinarily should afford plaintiff leave to amend).[1]

Lastly, as the ADA claim is the only claim over which Langer asserts the Court has original jurisdiction (see Compl. ¶¶ 9-10), Langer's Unruh Act claim is subject to dismissal as well. See Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 664 (9th Cir. 2002) (holding, where court dismisses federal claim for lack of standing, court "ha[s] no discretion to retain supplemental jurisdiction over [plaintiff's] state law claims").

## CONCLUSION

For the reasons stated above, OMS's motion to dismiss is hereby GRANTED, and Langer's complaint is hereby DISMISSED for lack of subject matter jurisdiction.

Should Langer wish to file an amended complaint, he shall file it no later than June 30, 2022.

**IT IS SO ORDERED.**

Dated: June 3, 2022

MAXINE M. CHESNEY
United States District Judge

---

[1] In light of this finding, the Court does not address herein OMS's additional argument that Langer's ADA claim is moot.